**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| **NATIONAL ARBOR DAY FOUNDATION**, |
| Plaintiff, |
| v. |
| **UNITED STATES DEPARTMENT OF AGRICULTURE**, *et al.*, |
| Defendants. |

Case No. 26-cv-1732 (CRC)

**ORDER**

Plaintiff National Arbor Day Foundation ("Arbor Day") filed this lawsuit against the United States Department of Agriculture and the United States Forest Service ("Forest Service"), challenging the termination of a $75 million grant intended to support the planting of trees. The Forest Service initially awarded the grant to Arbor Day in 2023, and Arbor Day allegedly used the funds to support programs "focused on planting and maintaining healthy urban forests." Compl. ¶ 38. But in February 2025, the Forest Service notified Arbor Day that it was terminating the grant, purportedly because it "no longer effectuate[d] agency priorities regarding diversity, equity, and inclusion programs and activities." Declaration of Logan Donahoo ("Donahoo Decl."), Ex. A at 1. Arbor Day alleges that Defendants' termination of the grant—along with the Forest Service's cursory explanation—violated the Administrative Procedure Act, the separation of powers, and the Due Process Clause of the Fifth Amendment.

About two weeks after filing its complaint, Arbor Day moved for a preliminary injunction. Among other things, it seeks an order vacating the grant termination, enjoining Defendants from enforcing the termination, and restoring "all performance obligations" under the grant while this litigation proceeds. In response, Defendants moved to stay the case in its

entirety pending the outcome of two cases currently pending before the D.C. Circuit.  See Vera Inst. of Just. v. DOJ, No. 25-5248 (D.C. Cir.) (argued Oct. 14, 2025); Climate United Fund v. EPA, Nos. 25-5122/5123 (D.C. Cir.) (en banc) (argued Feb. 24, 2026).  Those cases, according to Defendants, "could resolve the core of the claims in this case, obviating the need for further proceedings[.]"  Mot. to Stay at 3.  The Court temporarily stayed the briefing schedule for Arbor Day's motion for a preliminary injunction until it resolved Defendants' motion to stay.

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."  Clinton v. Jones, 520 U.S. 681, 706 (1997).  In exercising that discretion, the Court must "'weigh competing interests and maintain an even balance' between the court's interests in the judicial economy and any possible hardship to the parties."  Belize Soc. Dev. Ltd. v. Gov't of Belize, 668 F.3d 724, 732–33 (D.C. Cir. 2012) (citations omitted).  Specifically, the Court considers "(1) harm to the nonmoving party if a stay does issue; (2) the moving party's need for a stay — that is, the harm to the moving party if a stay does not issue; and (3) whether a stay would promote efficient use of the court's resources."  Ctr. for Biological Diversity v. Ross, 419 F. Supp. 3d 16, 20 (D.D.C. 2019).  Because Defendants have moved for a stay, they "bear[] the burden of establishing its need."  Clinton, 520 U.S. at 708.  "[I]f there is even a fair possibility that the stay . . . will work damages to some one else," the movant "must make out a clear case of hardship or inequity in being required to go forward."  Landis v. N. Am. Co., 299 U.S. 248, 255 (1936).

Defendants have not demonstrated that a stay of all proceedings in this case is warranted.  First and foremost, Defendants have not identified any "hardship or inequity" they would face if the Court set a briefing schedule on Arbor Day's motion for a preliminary injunction.  Id.  Nor could they:  Merely "being required to defend a suit, without more, does not constitute a clear

2

case of hardship or inequity." Ctr. for Biological Diversity, 419 F. Supp. 3d at 21 (citation and internal quotation marks omitted). By contrast, Arbor Day's motion and accompanying exhibits provide at least *some* evidence that Defendants' actions "continue[] to cause severe and irreparable harm." Donahoo Decl. ¶ 40. While the Court expresses no views on whether these ongoing harms warrant preliminary injunctive relief, they certainly tip the scale in favor of at least addressing Arbor Day's motion, especially in the absence of a counterweight.

The Court is mindful that the D.C. Circuit's decisions in Vera Institute and Climate United Fund will likely bear on the question of whether this Court has jurisdiction over Arbor Day's lawsuit.[1] If the circuit issues an opinion in either case before Arbor Day's motion for a preliminary injunction is resolved, the Court may request supplemental briefing from the parties. For now, however, the Court will forge ahead. See Nat'l Digital Inclusion All. v. Trump, No. 25-cv-3606 (JDB), 2026 WL 980757, at *1 (D.D.C. Apr. 13, 2026) ("The well 'beaten track' of civil litigation is for cases to proceed on their own schedules, and for courts to consider new authority as it arises." (quoting Landis, 299 U.S. at 256)).

---

[1] Defendants note that both this Court and other courts in this district have stayed similar cases pending the outcome of Vera Institute and/or Climate United Fund. See Mot. to Stay at 2–3. But those cases are inapposite. In two of them, the plaintiffs consented to the stay. See Joint Status Report (ECF No. 35), Butterbee Farm v. USDA, No. 25-cv-737 (D.D.C. Mar. 25, 2026) (acknowledging the parties' agreement that the case should be stayed); Min. Order, Bldg. Materials Re-Use Ass'n v. EPA, No. 25-cv-2493 (D.D.C. Dec. 8, 2025) (granting the parties' consent motion to hold the case in abeyance). In the third, the Court had *already issued* a preliminary injunction preserving the *status quo ante*; the stay only applied to the subsequent dispositive motion briefing. See Order, Harris County v. Kennedy, No. 25-cv-1275 (D.D.C. Jan. 23, 2026) (noting that the Court had already "expressly contemplated a return to the *status quo ante* until the case is finally resolved"). Unlike a dispositive order, a preliminary injunction "do[es] not conclusively resolve legal disputes." Lackey v. Stinnie, 604 U.S. 192, 200 (2025). Its purpose is simply "to preserve the relative positions of the parties until a trial on the merits can be held, and to balance the equities as the litigation moves forward." Id. (citations and internal quotation marks omitted).

For the foregoing reasons, it is hereby

**ORDERED** that [14] Defendants' Motion to Stay is DENIED.  It is further

**ORDERED** that [15] Defendants' Motion to Extend Time to Respond to Plaintiff's

Motion for Preliminary Injunction is GRANTED.  It is further

**ORDERED** that Defendants shall file a response to Plaintiff's [8] Motion for Preliminary

Injunction by August 6, 2026.  It is further

**ORDERED** that Plaintiff shall file a reply in support of its [8] Motion for Preliminary

Injunction by August 13, 2026.

**SO ORDERED**.

 

 

 

 

 

 

_____
CHRISTOPHER R. COOPER
United States District Judge

Date:  <u>July 23, 2026</u>